759 A.2d 1220

IN THE MATTER OF ALTHEAR A. LESTER,
AN ATTORNEY AT LAW.

October 18, 2000.

## ORDER

The Disciplinary Review Board having filed with the Court its decision concluding that **ALTHEAR A. LESTER** of **SOUTH ORANGE,** who was admitted to the bar of this State in 1969, and who thereafter was suspended from the practice of law for a period of six months effective April 15, 1997, by Order of the Court dated March 24, 1997, and who remains suspended at this time, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.4(a) (failure to keep client reasonably informed), *RPC* 1.16(d) (failure to protect client's interests upon termination of representation), *RPC* 8.1(b) (failure to cooperate in disciplinary investigation) and *Rule* 1:20–20(b)(1) (notification of client of suspension);

And the Disciplinary Review Board further having concluded that prior to reinstatement to practice, respondent should be required to complete the Skills and Methods course offered by the Institute for Continuing Legal Education and to demonstrate that he is fit to practice law, and that on reinstatement, respondent should be required to practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years;

And good cause appearing;

It is ORDERED that **ALTHEAR A. LESTER** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall successfully complete the Skills and Methods course offered by the Institute for Continuing Legal Education and provide proof thereof to the Office of Attorney Ethics; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that he is fit to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that on reinstatement and prior to engaging in the practice of law in this State, respondent shall submit proof to the Office of Attorney Ethics that he is in complete compliance with the *bona fide* office requirement of *Rule* 1:21–1(a); and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.